## GODFREY vs. WARNER.

Plaintiff held two notes made by defendant, one for $68.21, and due Jan. 1st; the other for $260.54, and due in October following. In August plaintiff gave A. an order on defendant for $40, proposing to endorse it " on one of your" (defendant's) "notes," and A, in exchange, gave plaintiff an order on B. for $40. Defendant refused acceptance of the order, being unwilling that it should be applied on the larger note, but gave A. a yoke of oxen, to be received in satisfaction of the order and applied on the smaller note ; A. to give notice to plaintiff, and if he dissented from this application of the $40, A. agreed to pay defendant for the oxen. A. gave plaintiff notice. *Held*, in an action on the smaller note, that plaintiff's answer to A. on receiving the notice, should have been received in evidence ; it was part of the *res gestæ.*

Plaintiff had a right to reserve an option on which note he would apply payment, though one of them was not yet due. And his receiving the amount of the order on B. made no difference ; the only effect of such an act was to make him liable to A. for money had and received.

The sale of the oxen to A. was not payment to the plaintiff. Independently of his assent to the arrangement between A. and defendant, it was *res inter alios acta.*

ERROR from Livingston common pleas, where cause was on appeal. Plaintiff sued defendant on a note of $68.21, payable January 1st, 1842. Plea as to all except $32.19, payment ; as to that, money brought into court with costs of suit, viz., 81 cents. Plaintiff at the same time held a note against defendant of $260.54, payable in October, 1842.

On the 23d August, 1842, plaintiff gave one Wilson a written request directed to the defendant to pay Wilson $40, proposing to endorse the $40 on " one of your notes." In exchange for this order, Wilson gave his own on one Anderson for $40. On presentation of the first, the defendant refused to accept, inasmuch as he was dissatisfied with the money being applied on the large note. But finally by arrangement with Wilson, the latter took a yoke of oxen, to be received in satisfaction of the order, and applied on the note in suit. Wilson was to give notice to the plaintiff, and if he was dissatisfied, he (Wilson) told the defendant he would pay him for the oxen. Wilson accordingly informed

Godfrey, and the plaintiff proposed to ask what he replied, which the court overruled. The plaintiff afterwards received the amount of the order from Anderson. The written request of the plaintiff was left with the defendant; and the cattle had been retained by Wilson till he sold them. The plaintiff endorsed the payment on the large note.

The court put the case to the jury as in effect a receipt of the cattle by the plaintiff; and charged that the person making payment has a right to direct the application; and that they were to receive Warner's declarations as evidence of his intent. If the jury believed it was his intention that the cattle should apply on the small note, they should find for him.

The court were asked to charge that, to warrant an application on the small note, the jury must be satisfied that plaintiff had changed his intention from what he had expressed in the order. This was refused.

*By the Court,* COWEN, J. The request of the plaintiff was that the defendant should pay the forty dollars, to be applied on one of the notes, which money he promised to apply on one of them. In this he reserved an option, as he had a right to do, though one of the notes was not yet due. The defendant refused to make the payment; but Wilson took the oxen in lieu of the money, to be applied on the smaller note, should the plaintiff agree to that. This was not, as the court below supposed, a payment to the plaintiff. Of course the defendant could not give the money a direction within the rule which the court laid down. Here was a new and independent agreement between the defendant and Wilson, subject to be adopted and acted upon by the plaintiff. It was thus quite material to look at all the acts of the plaintiff, including his answer when Wilson informed him of what he and the defendant had been doing. Such a declaration was a part of the *res gestæ.* The plaintiff never endorsed the forty dollars on the small note, as the defendant insisted he should. On the contrary he made the endorsement on the large one. His taking the money of Anderson on the order received by him in exchange, made nothing

against him.    In short the parties acted throughout at cross purposes, unless indeed, on Wilson's return, the plaintiff in truth assented to a change from his purpose as expressed in the written request.    So far from that, he in effect proposed to show actual dissent, which the court held to be inadmissible.    The only consequence of receiving the amount from Anderson was to render him liable for it to Wilson, as money had and received.    On the other hand he (Wilson) was obliged to pay the defendant for the oxen as for goods sold and delivered.    Independently of the plaintiff's assent, the transaction between Wilson and the defendant was *res inter alios acta.*

On the whole, we think the court below erred; that the judgment must be reversed, and a venire de novo go from that court for a re-trial.

Rule accordingly